UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATE OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRIAN THOMAS SMITH,<br><br>Defendant. | Case No. CR14-208RSL<br><br>ORDER ON DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE |

This matter comes before the Court on defendant's "Motion for Early Termination of Supervised Release." Dkt. # 8. Having reviewed defendant's memorandum and exhibits, the input from Unites States Probation Office ("USPO"), and the remainder of the record, the Court DENIES defendant's motion and instead adopts USPO's recommendation that defendant's lifetime term of supervised release be reduced to ten years.

Defendant pleaded guilty in 2010 to single counts of attempted possession of child pornography and destruction of evidence. Dkt. # 11 ex. C, at 1. He was subsequently sentenced to 42 months of incarceration and a life term of supervised release. Id. Since his release from prison, defendant has moved from Florida to Washington, enrolled in a Masters of Natural Resources Management program, maintained a stable residence, cultivated several healthy social relationships, and become the owner of two rental properties. Dkt. # 9 at 1–2.

Furthermore, defendant has completed all court-ordered counseling and continues to report twice yearly for polygraph examinations. Id. at 3. Defendant's clinical psychologist reports that defendant shows "no indication of ongoing deviant interest directed towards minor

ORDER ON DEFENDANT'S MOTION FOR EARLY TERMINATION - 1

females" and "is considered to be at low risk for sexual re-offense." Defendant scored a zero out of seven on the Child Pornography Offender Risk Tool ("CPORT") measure, meaning that he has about a 2.4% probability of sexual recidivism within five years following his initial offense in 2008. Dkt. # 9-1 at 1–3. Defendant also scored a zero out of twenty-four on the "Stable 2007" measure, meaning he has about a 1% chance of sexual recidivism within one year and a 2.6% chance within four years. Id. Defendant has no criminal history prior to the commission of the crimes for which he is now serving, and has never violated the conditions of his release. Dkt. # 8 at 3.

Defendant's clinical psychologist states that "it would be reasonable for the court to consider termination of federal parole supervision." Id. at 4. Alternatively, defendant's probation officer believes that a reduction in defendant's supervised release to ten years from life would be more appropriate. Id. at 3. Contrary to USPO's recommendation, the government maintains that the Court does not have the authority to reduce a term of supervision under 18 U.S.C. § 3553(e). Dkt. # 11 at 4. It argues that the statute "provides only for the early termination and discharge of a defendant or the modification, reduction, or enlargement of 'the *conditions* of supervised release.'" Dkt. # 11 at 4 n.3 (citations omitted) (quoting 18 U.S.C. § 3553(e)(2)). In taking this position, the government has failed to consult the appropriate authority and instead bases its contention on a narrow reading of statutory language alone.

To the contrary, the Ninth Circuit Court of Appeals has stated that:

> Section 3583(e) provides the district court with retained authority to revoke, discharge, or modify *terms* and conditions of supervised release following its initial imposition of a supervised release term in order to account for new or unforeseen circumstances. Occasionally, changed circumstances-for instance, exceptionally good behavior by the defendant or a downward turn in the defendant's ability to pay a fine or restitution imposed as conditions of release-will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a).

United States v. Miller, 205 F.3d 1098, 1101 (9th Cir. 2000) (emphasis added) (quoting United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997)). The Second Circuit further explains that:

> In such cases, the court may invoke either subsection (1), which "works to the advantage of the defendant," or subsection (2), which "can be employed either to the defendant's advantage or his disadvantage," to discharge the defendant from supervised release, to modify and make less demanding the conditions of release, or to *reduce the length of the term of release*.

Lussier, 104 F.3d at 36 (emphasis added) (citation omitted) (quoting United States v. Truss, 4 F.3d 437, 438–39 (6th Cir. 1993)). Moreover, the advisory committee's note to Federal Rule of Criminal Procedure 32.1(b) asserts that "[t]he sentencing court is given the authority to shorten the term or end probation [or supervised release] early upon its own motion without a hearing."[1] Fed. R. Crim. P. 32.1 advisory committee's note to 32.1(b).

For the foregoing reasons, defendant's motion for early termination of supervised release, Dkt. # 8, is DENIED. USPO's recommended reduction to ten years from defendant's current life term of supervised release is adopted without a hearing. The Court HEREBY ORDERS that defendant's term of supervised release be reduced to ten years.

DATED this 30th day of July, 2018.

*[signature]*
Robert S. Lasnik
United States District Judge

---

[1] Committee note to Rule 32.1(b), added in 1979, mentions probation only. This is because Congress did not institute supervised release until 1984. The Rule has since been renamed and amended to apply equally to both probation and supervised release. See 18 U.S.C. §§ 3583, 3624(e).

ORDER ON DEFENDANT'S MOTION FOR EARLY TERMINATION - 3